[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 2, 2007
THOMAS K. KAHN
CLERK

No. 06-13463
Non-Argument Calendar

_____

D. C. Docket No. 06-00790-CV-T-26-TGW

JOHN BAILEY,

Plaintiff-Appellant,

versus

MORRIS SILBERMAN,
DARRYL C. CASANUEVA,
CRAIG C. VILLANTI,
BILL MCCOLLUM,
BERNIE MCCABE,
STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 2, 2007)**

Before TJOFLAT, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

John Bailey, a Florida state prisoner proceeding pro se, appeals the dismissal, pursuant to 28 U.S.C. § 1915A, of his 42 U.S.C. § 1983 complaint. He also appeals the district court's denial of his motion to amend his complaint. For the reasons that follow, we affirm.

## I. Background

Although the record is not entirely clear, it appears that Bailey is currently incarcerated pursuant to a 1991 conviction for dealing in stolen property. In November of 2005, Bailey filed a petition for writ of habeas corpus in the Florida District Court of Appeal alleging that the prosecutor had committed fraud on the trial court during Bailey's trial. The court denied Bailey's petition without reaching the merits. Bailey filed a motion for rehearing, which the court also denied. Bailey then sought relief from the Florida Supreme Court which declined to accept jurisdiction. On April 28, 2006, Bailey filed a § 1983 action against Florida appellate court judges Morris Silberman, Daryl Casanueva, and Craig Villanti, Florida Attorney General Bill McCollum, and State Attorney Bernie McCabe, all in their individual and official capacities. He also named the State of Florida as a defendant. In his complaint, Bailey alleged that the defendants refused

2

to address the merits of his habeas petition in "retaliation" for his being an aggressive and frequent litigant in the Florida courts and that this "retaliation" violated his constitutional right to due process, equal protection, and access to the courts. In relief, Bailey requested that the district court issue an injunction ordering the defendants to address the merits of his habeas petition.

After performing the required screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the district court sua sponte dismissed the complaint as frivolous on the grounds that lower federal courts have no jurisdiction to review final judgments of state courts and no jurisdiction to direct a state court or its judicial officers in the performance of their duties. Bailey moved for reconsideration and to amend his complaint by dismissing all defendants accept the State of Florida. The district court summarily denied both motions. Bailey filed this appeal.

## II. Discussion

On appeal, Bailey argues that the district court had jurisdiction to issue the relief he requested and therefore erred in dismissing his complaint with prejudice. We review de novo the sua sponte dismissal of a complaint under § 1915A. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

Under § 1915A, the district court is required to screen civil complaints filed

3

by prisoners against governmental officers or entities, and shall dismiss the complaint if it is frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1), (b)(2). A complaint is frivolous if it is "without arguable merit either in law or fact," Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001), such that the factual allegations are "clearly baseless," or the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law. Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

In his complaint, Bailey requested an injunction ordering the defendants to address the merits of his habeas petition, which had been dismissed by the Florida District Court of Appeal. In essence, Bailey requested that the district court issue what amounts to a writ of mandamus. Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial

4

officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).[1] Because the defendants named in Bailey's complaint are not officers or employees of the United States or any agency thereof, the district court lacked jurisdiction to grant the only relief Bailey requested. Accordingly, Bailey's complaint was properly dismissed as frivolous. See Carroll, 984 F.2d at 393.

Bailey also argues that he should have been allowed to amend his complaint by dismissing the individual defendants and proceeding only against the State of Florida. We review a district court's refusal to grant leave to amend for abuse of discretion. Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999). Although leave to amend should be freely given when justice so requires, a district court need not allow an amendment where amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02, 104 S.Ct. 900, 908-09, 79 L.Ed.2d 67 (1984) ("[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

the defendant is proscribed by the Eleventh Amendment.").  Here, there is nothing to indicate that Florida has consented to suits in the nature of Bailey's action.  As such, allowing Bailey to amend his complaint by naming the State of Florida as the only defendant would have been futile.  We therefore conclude that the district court did not err in denying Bailey's motion to amend his complaint.  See Bryant, 252 F.3d at 1163.

### III.  Conclusion

For the foregoing reasons, we **AFFIRM**.