[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15904
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00114-CV-WS-N

CORLA JACKSON,

Plaintiff-Appellant,

versus

FARMERS INSURANCE GROUP/FIRE
INSURANCE EXCHANGE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 12, 2010)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Corla Jackson, proceeding pro se, appeals the district court's sua sponte

dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), of her federal pro se complaint. After review, we affirm.

## I. BACKGROUND

### A. State Court Action

On September 16, 2005, Jackson, pro se, filed a complaint in Alabama state court against her insurance company, Farmers Insurance Group/Fire Insurance Exchange ("Farmers"), which had issued her a homeowners insurance policy. Jackson's complaint alleged that Farmers refused to pay her claims for damage to her home caused by Hurricanes Ivan and Katrina, as required by her homeowners policy. The Alabama trial court granted summary judgment to Farmers, and Jackson appealed. The Alabama Court of Civil Appeals affirmed. Jackson v. Farmers Ins. Grp. / Fire Ins. Exch., 26 So. 3d 1276 (Ala. Civ. App. 2008). Jackson filed a petition for a writ of certiorari in the Alabama Supreme Court, which was denied.

### B. Federal Court Action

In 2009, Jackson, pro se, filed a complaint in federal district court against Farmers, alleging, inter alia, violations of the "Alabama Insurance Code"; civil conspiracy to violate the "Alabama Deceptive Trade Practices-Consumer Protection Act"; Ala. Code §§ 8-19-1 et seq.; breach of contract; bad faith;

2

negligent misrepresentation; and fraud based upon Farmer's alleged failure to pay benefits in full for damages Jackson sustained in Hurricanes Ivan and Katrina, as required by her homeowners insurance policy.

Jackson filed a motion to proceed in forma pauperis, and the district court ordered Jackson to submit additional information regarding Jackson's action against Farmers in Alabama state court. After Jackson submitted various records from the proceedings in Alabama state court, the district court granted Jackson's request to proceed in forma pauperis but dismissed Jackson's suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court concluded that the relief Jackson sought in federal district court was the subject of her state court lawsuit and therefore the district court lacked subject matter jurisdiction over Jackson's complaint under the Rooker-Feldman doctrine.[1]

Jackson appealed and filed a motion for appointment of counsel, which this Court denied.

## II. DISCUSSION

### A. Sua Sponte Dismissals

The district court must dismiss an in forma pauperis complaint at any time if it determines that the action "is frivolous or malicious." 28 U.S.C.

---

[1]See Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

§ 1915(e)(2)(B)(i). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). We also have stated that a case is frivolous if the factual allegations are "clearly baseless," or if it is based on an "indisputably meritless" legal theory. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quotation marks omitted). In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514, 126 S. Ct. 1235, 1240 (2006).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

**B.   Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, lower federal courts "do not have jurisdiction to act as appellate courts and [are] preclude[d] . . . from reviewing final state court decisions." Green v. Jefferson County Comm'n, 563 F.3d 1243, 1249 (11th Cir.), cert. denied, 130 S. Ct. 199 (2009). The Rooker-Feldman doctrine is confined to cases that are "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court

4

proceedings commenced and [4] inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005); see also Nicholson v. Shafe, 558 F.3d 1266, 1272-74, 1278-79 (11th Cir. 2009) (explaining that, after Exxon Mobil, the Rooker-Feldman doctrine is limited and applied narrowly). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." Id. (internal quotation marks and citation omitted). Furthermore, the Rooker-Feldman doctrine applies only when the state court proceedings ended before the federal action was filed. Nicholson, 558 F.3d at 1275, 1277 n.11.

After liberally construing Jackson's pro se complaint, we find no reversible error in the district court's sua sponte dismissal with prejudice.[2] On appeal, Jackson's arguments are far from clear. Jackson appears to make several

_____

[2]This Court reviews a district court's sua sponte dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). A district court's determination that it lacks subject matter jurisdiction over a plaintiff's claims in light of the Rooker-Feldman doctrine is reviewed de novo. Nicholson, 558 F.3d at 1270.

arguments as to why the Alabama trial court's decision was illegal, why she should have been granted a default judgment, how Farmers deceived the Alabama trial court judge, and how the Alabama judicial system discriminated against her on the basis of her race. Jackson specifically requests a trial by jury against Farmers as well as an order from this Court granting her relief under Alabama Rule of Civil Procedure 60(b), which provides the circumstances under which an Alabama court may relieve a party from a final judgment, order, or proceeding. Ala. R. Civ. P. 60(b). Jackson makes no argument on appeal regarding the Rooker-Feldman doctrine, which underlies the district court's dismissal of her complaint.

After review, we conclude the district court correctly determined that it lacked subject matter jurisdiction. Jackson is a state court loser complaining of injuries caused by a state court judgment. In her federal complaint, Jackson claims that she should have received a judgment in her favor in the state court proceedings but was unlawfully deprived of a favorable result due to the actions of Farmers and various other state government actors. She also reargues the merits of the claims she brought in the Alabama trial court. Jackson is clearly seeking federal court review and rejection of the judgment of the Alabama courts. Therefore, Jackson's claims are "inextricably intertwined" with the state court judgment, and granting Jackson's claims would "effectively nullify" the state court judgment. See Exxon

6

Mobil Corp., 544 U.S. at 283-84, 125 S. Ct. at 1521 (noting that the federal complaints in the Rooker and Feldman cases "invited federal courts of first instance to review and reverse unfavorable state-court judgments."); Casale, 558 F.3d at 1260-61.

Moreover, because the Supreme Court of Alabama denied her writ of certiorari prior to her filing suit in federal district court, it is clear that the state court proceedings ended prior to the filing of her federal court proceedings.

## IV. CONCLUSION

Jackson's motion to reconsider the denial of her motion for appointment of counsel is DENIED. For the reasons given above, we affirm the district court's order dismissing Jackson's complaint.

**AFFIRMED.**