[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10203
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03236-TWT

ANTHONY L. THOMAS,

Plaintiff - Appellant,

versus

PENTAGON FEDERAL CREDIT UNION,
HOWICK, WESTFALL, MCBRYAN & KAPLAN,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 19, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Anthony L. Thomas appeals the district court's order dismissing as

frivolous his *pro se* suit alleging fraud and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f; and the Troubled Asset Relief Program ("TARP"), 12 U.S.C. § 5211(a)(1). Thomas argues that the district court abused its discretion by (1) finding that he failed to plead a claim of fraud, (2) failing to address his TARP claim, (3) allowing a magistrate judge to enter a final judgment without his consent, (4) dismissing the case prior to the defendants' filing of a responsive pleading, and (5) violating his due process rights. For the reasons set forth below, we affirm.

## I.

Thomas filed a complaint against Pentagon Federal Credit Union and Howick, Westfall, McBryan & Kaplan, (collectively, "the defendants"), alleging that he executed a promissory note, which Pentagon fraudulently sold without his knowledge or consent. Thomas asked the court to allow him to proceed *in forma pauperis*.

A magistrate judge ordered Thomas to amend his complaint within 30 days to comply with Federal Rule of Civil Procedure 8's requirement that a complaint clearly state a cause of action. The magistrate noted that Thomas's amended complaint should explain how the named defendants were involved in the claim

2

and specify what rights were violated and how the laws support his allegations. The magistrate warned Thomas that he was required to comply with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Georgia, even though he was proceeding *pro se*. He noted that "failure to comply with this . . . Order may result in dismissal of this action."

Thomas filed an amended complaint, which stated that "[t]his case arises out of Defendants' egregious and ongoing far reaching fraudulent schemes for improper use of Plaintiff's identity, [and] negligent and/or intentional misrepresentation of the executed Promissory Note and [Pentagon's] alleged advance[ment] of $145,300.00." Thomas also alleged that he had submitted to Pentagon a qualified written request, which the defendants "either ignored or refused to acknowledge or refused to resolve," in violation of the RESPA, the TILA, and other applicable federal statutes. Thomas also contended that Pentagon fraudulently changed the terms of his promissory note and committed identity theft by negotiating the promissory note.

Thomas asserted that the defendants never informed him that the promissory note could be sold, transferred, or assigned to third parties. He alleged that, on June 24, 2009, TPE Company, Inc. offered to purchase his promissory note from Pentagon, but Pentagon failed to respond to TPE. Thomas also alleged that

3

Pentagon violated the TARP by failing to offer him a loan modification as he requested.

The magistrate judge granted Thomas's motion to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915(a), and ordered the clerk of the court to submit the case to a district judge for a frivolity determination under 28 U.S.C. § 1915(e)(2).

The district court dismissed Thomas's complaint as frivolous under 28 U.S.C. § 1915. It stated that Thomas's "vague and conclusory allegations of fraud do not state a plausible claim for relief." It denied Thomas's motion for a stay, injunction, and restraining order.

## II.

We review for abuse of discretion a district court's *sua sponte* dismissal for frivolity. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

*In forma pauperis* proceedings are governed by Section 1915 of Title 28.

*See* 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it is without arguable merit either in law or fact. *Bilal*, 251 F.3d at 1349; *Caroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (holding that a case is frivolous for purposes of § 1915(d), (now § 1915(e)(2)(B)(i)), when it appears that a plaintiff has "little or no chance of success").

### III.

As an initial matter, in his initial appellate brief, Thomas fails to present any argument regarding his RESPA and TILA claims. Therefore, he has abandoned any argument that the district court abused its discretion by dismissing these claims. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (providing that a *pro se* appellant abandons an issue if he fails to offer argument on it in his initial brief, and that we will not address issues raised for the first time in an appellant's reply brief).

Thomas argues that the district court erred by ignoring that he pleaded fraud. "To state a claim premised on fraud, [a defendant must] 'state with particularity the circumstances constituting [the] fraud.'" *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1302 (11th Cir. 2010) (quoting

Fed.R.Civ.P. 9(b)).  To comply with Rule 9(b), a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  Here, Thomas failed to adequately plead fraud, because he did not identify any specific statements made by the defendants.  *See id.*  Instead, he simply alleged that the defendants fraudulently changed the terms of his promissory note, without explaining what terms were changed.  To the extent that Thomas's amended complaint could be construed to allege that the defendants committed fraud by failing to inform him that the promissory note could be sold, transferred, or assigned, Thomas failed to identify the time and place of this omission, the person responsible for making the omission, and what the defendants obtained as a consequence of the fraud.  *See id.*  Accordingly, the district court did not err in dismissing Thomas's fraud claim as frivolous, because it lacked legal merit.  *See Bilal*, 251 F.3d at 1349.

Thomas also argues that the district court abused its discretion by failing to address his claim that he was denied benefits under the TARP.  The TARP,

enacted as part of the Emergency Economic Recovery Act, authorizes the Secretary of the Treasury "to purchase, and to make and fund commitments to purchase, troubled assets from any financial institution, on such terms and conditions as are determined by the Secretary." 12 U.S.C. § 5211(a)(1). The statute provides for judicial review of the Secretary's decision, but does not mention a private right of action against private entities. Thus, it appears that Congress did not intend to allow such actions under § 5211. *See Alexander v. Sandoval*, 532 U.S. 275, 290, 121 S.Ct. 1511, 1521-22, 149 L.Ed.2d 517 (2001) (providing that "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others"). However, even if the TARP authorized a plaintiff to bring a private action against TARP fund recipients, Thomas failed to allege that the defendants received TARP funds. Furthermore, Thomas alleged in his amended complaint that the defendants violated the TARP by failing to modify his loan. He does not explain how the failure to modify a loan violates the TARP. Accordingly, because Thomas's TARP claim has "little or no chance of success," the district court did not abuse its discretion in dismissing the claim as frivolous. *See Caroll*, 984 F.2d at 393.

Next, Thomas argues that the magistrate lacked authority to enter the final judgment in his case. Although a magistrate's entry of a final order of judgment is

7

not permitted unless the parties consent, a magistrate judge may determine pretrial matters without the parties' consent. *See* 28 U.S.C. § 636(b)(1)(A), (c)(1). A review of the record shows that, although the magistrate judge ordered Thomas to file an amended complaint and ordered the clerk to submit the case to a district court judge for a frivolity determination, the final order dismissing the case for frivolity was, in fact, entered by the district court judge, rather than the magistrate. Accordingly, Thomas's argument that the magistrate entered the final order of judgment is meritless.

Thomas argues that the district court erred by dismissing his case before the defendants filed responsive pleadings. This claim is also meritless, because 28 U.S.C. § 1915 allows the district court to dismiss a case "at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, Thomas contends that the district court violated his due process rights by dismissing his complaint for frivolity. Principles of due process require that a party have adequate notice of the consequences of his conduct. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). However, "[e]very order entered without notice and a preliminary adversary hearing [does not] offend due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a

considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1452 (11th Cir. 1985).

Here, Thomas was afforded adequate notice of the consequences of his failure to comply with the Rules of Civil Procedure. The magistrate instructed Thomas that his complaint had to comply with Fed.R.Civ.P. 8, which requires a complaint to clearly state a cause of action. The magistrate specifically explained to Thomas that his complaint should state how the defendants were involved in the alleged conduct, what rights the defendants violated, and what laws supported his allegations. The magistrate gave Thomas 30 days in which to correct his complaint and warned him that, if the complaint failed to comply with the Federal Rules of Civil Procedure and the local rules, his complaint could be dismissed. Because Thomas was aware of the rules with which he had to comply and the consequences of his failure to comply, and because he was given 30 days in which to correct his complaint, the district court did not violate his due process rights when it dismissed his complaint as frivolous. *See Carlucci*, 775 F.2d at 1452. Accordingly, we affirm the district court's dismissal of Thomas's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**AFFIRMED.**