Joseph CARROLL, Plaintiff–Appellant,

v.

Paul A. GROSS, Sr., Bette Ellen Quial, Patricia A. Seitz, Defendants–Appellees.

No. 91–5986
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 25, 1993.

Joseph Carroll, pro se.

Robert W. Butterworth, Fla. Atty. Gen., Miami, Fla., for defendants-appellees.

Before HATCHETT, EDMONDSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Joseph Carroll filed this complaint under 42 U.S.C. § 1983, alleging that various members of the Florida State Bar violated his due process rights. Adopting the magistrate judge's recommendation, the district court dismissed Carroll's complaint under 28 U.S.C. § 1915(d). We affirm.

Under 28 U.S.C. § 1915(d), district courts have discretion to dismiss frivolous *in forma pauperis* complaints. *Denton v. Hernandez*, — U.S. —, —, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987). At any stage of the proceedings, a case is frivolous for section 1915(d) when it appears the plaintiff "has little or no chance of success." *Menendez*, 817 F.2d at 740; *see Jones v. Bales*, 58 F.R.D. 453, 463–66 (1972) (dismissing under section 1915(d) after filing of defensive pleadings and affidavits by all parties), *aff'd adopting district court opinion*, 480 F.2d 805 (5th Cir.1973).[1] A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Denton*, — U.S. at — – —, 112 S.Ct. at 1733–34. Even if the complaint otherwise states a claim and the alleged facts are not fantastic, the defendant's absolute immunity justifies dismissal before service of process. *See Clark v. State of Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir.1990).

Carroll argues dismissal was improper because defendants violated his constitutional rights and were entitled to no immunity. But the district court determined from the complaint that defendants were acting as agents of the Florida Supreme Court. *See* Florida Bar Rules 3–3.1, 3–7.3 (West Supp.1992). As such, defendants were entitled to absolute immunity. *See Slavin v. Curry*, 574 F.2d 1256, 1266 (5th Cir.) (members of state bar grievance committee immune from suit because they acted as arm of state supreme court), *modified on other grounds*, 583 F.2d 779 (1978), *overruled in part on other grounds by Sparks v. Duval County Ranch Co.*, 604 F.2d 976, 978 (1979) (*en banc*), *aff'd sub nom. Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *see also Ginger v. Circuit Court*, 372 F.2d 621 (6th Cir.), *cert. denied*, 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998 (1967); *Simons v. Bellinger*, 643 F.2d 774, 782 (D.C.Cir.1980). Therefore, the district court did not abuse its discretion by dismissing Carroll's action as frivolous.[2]

AFFIRMED.

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.19891) (*en banc*), we adopted as precedent decisions of the former Fifth Circuit Court of Appeals decided before October 1, 1981.

2. Carroll also argues the district court should have allowed him to amend his complaint. The record does not show that Carroll ever tried to amend his complaint in district court, although the order of dismissal—which does not state that it was with prejudice—left open that possi-

bility. *See Czeremcha v. Intl Ass'n of Mach. & Aero. Workers,* 724 F.2d 1552, 1556 (11th Cir. 1984). Also, considering the essence of Carroll's complaint, it seems clear that no amendment could avoid the immunity defense for these state bar agents.