[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-10404
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-03336-CV-TWT-1

DARRELL JOE BELL,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 29, 2005)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Darrell Joe Bell, a Georgia state prisoner proceeding pro se, filed two

motions, one entitled "motion for equitable relief," and the other entitled "motion for judgment of acquittal," challenging his convictions and sentences for child molestation, enticing a child, and being a peeping tom. In these motions, Bell claimed, inter alia, that he received ineffective assistance of counsel and that he was actually innocent of the charges to which he had pleaded guilty.

The district court conducted the required screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, noting that the motions had been docketed as a 42 U.S.C. § 1983 action, but that Bell sought relief that was appropriate in a habeas petition under 28 U.S.C. § 2254. The court then concluded that (1) if the motions were treated as § 1983 claims, they were barred by Heck v. Humphrey[1] because Bell had not shown that his state convictions had been overturned, and (2) if the claims were treated as § 2254 claims, the district court should not review the motions because Bell's state habeas petition was pending in the state supreme court.[2] Finally, the district court found that, even if the motions

---

[1] 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a plaintiff cannot recover damages for an allegedly unconstitutional conviction if success on the claim would invalidate a conviction unless the plaintiff can show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus).

[2] According to the district court, Bell filed a state habeas petition, which was denied in 1999, and the state supreme court denied a certificate of probable cause in 2000. Bell then filed a second state habeas petition in 2003, which was denied as successive in 2004, and the request for a certificate of probable cause remained pending in the state supreme court.

were construed under § 2254, they were untimely.

We review frivolity dismissals under 28 U.S.C. § 1915A de novo. Harden v. Pataki, 320 F.3d 1289, 1292 (11th Cir. 2003).

Section 1915A of the PLRA requires the district court to review civil actions and to identify cognizable claims or dismiss the complaint or portions thereof that are frivolous. 28 U.S.C. § 1915A(b). A claim is frivolous if it is based on an indisputably meritless legal theory or, after piercing the veil of the complaint, the court determines that the factual allegations are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (applying 28 U.S.C. 1915(d)); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Upon review of the record, we conclude that the district court properly dismissed the motions as frivolous for the reasons stated in the district court's order dated December 30, 2004.

AFFIRMED.

3