[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15102
Non-Argument Calendar

_____

D. C. Docket No. 05-02966-CV-CAM-1

DONNA MARIE SMITH,

Plaintiff-Appellant,

versus

JOHN HILDEBRAND,
PIPER QUINN,
JOSEPH GAYLE,
MARIA GOLICK,
PATRICK HEAD,
J. LYNN RAINEY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 3, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Donna Marie Smith, proceeding pro se, appeals the dismissal of her in forma pauperis ("IFP") action, in which she alleged violations of the civil provisions of the Racketeer Influenced & Corrupt Organizations Act ("RICO") and deprivation of her civil rights, in violation of 42 U.S.C. § 1983.[1] The district court deemed the action as frivolous under 28 U.S.C. § 1915(e)(2). On appeal, Smith contends that the district court judge should have recused himself from consideration of her lawsuit. She also argues the district court erroneously determined that her claims were frivolous under § 1915(e)(2), and that the judges, prosecutors, and probation officer, all of whom she named as defendants, were entitled to absolute immunity barring her suit against them. We affirm.[2]

In her complaint, Smith alleged that, as part of a racketeering enterprise, judges who presided over her criminal and habeas proceedings; prosecutors who prosecuted the criminal charges and later probation violations against her; her probation officer; an independent court reporter; and her public defender acted and conspired to deprive her of liberty and property in the conduct of her criminal proceedings, supervision of her probation, and pursuit of appellate and collateral

---

[1] Smith does not allege that any defendant discriminated against her of the basis of her race or alienage. Therefore, she did not state a 42 U.S.C. § 1981 claim against any defendant. See 42 U.S.C. § 1981.

[2] WE DENY Smith's motion for reconsideration of our order granting Appellants' motion for leave to file their brief out of time, and GRANT her motion to file the reply brief out of time.

review.  Smith also alleged that her former employers participated in the racketeering activity and conspiracy when they fired her from her position as a paralegal based on her criminal background history.  Additionally, Smith alleged that Georgia Board of Nursing improperly revoked her nursing license.

We review a district court's refusal to recuse for abuse of discretion. Diversified Numismatics v. City of Orlando, 949 F.2d 382 (11th Cir. 1991). 28 U.S.C. § 455 provides that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, . . .

28 U.S.C. § 455(a),(b)(1).  The legal standard for applying § 455 is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988)

We have stated that prior adverse rulings do not provide a basis for holding that a court's impartiality is in doubt.  Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001).  Further, "it has long been regarded as normal and proper for a judge

3

. . . to sit in successive trials involving the same defendant." Liteky v. United States, 510 U.S. 540, 550 (1994). From our careful review of the record, we discern no abuse of the district judge's discretion in his denial of the motion to recuse, in which Smith primarily challenged prior adverse rulings and in no way enumerated objective reasons to call the judge's impartiality into doubt.

As for Smith's challenge to the frivolity dismissal under § 1915(e)(2), our review likewise is for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). An abuse of discretion occurs if a judge fails to apply the proper legal standard, fails to follow proper procedures, or makes findings of fact that are clearly erroneous. In Re Red Carpet of Panama City Beach, 902 F.2d 883, 890 (11th Cir. 1990). We review IFP dismissals for failure to state a claim de novo, using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals and view the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

The district court has authority to dismiss an IFP case if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous if (1) the factual allegations are "clearly baseless" or (2) it is based on a "indisputably meritless legal theory." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). The court may also dismiss an action if it determines that the complaint fails to state a

claim. 28 U.S.C. § 1915(e)(2)(ii). A complaint fails to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022-23 (11th Cir. 2001) (en banc) (considering Fed. R. Civ. P. 12(b)(6) dismissal of § 1983 inmate action). A court is not required to permit a plaintiff to amend her pleadings where amendment would be futile. See Corsello v. Lincare, 428 F.3d 1008, 1014-15 (11th Cir. 2005) (affirming denial of plaintiff's motion to amend his complaint under Fed. R. Civ. P. 15), cert. denied, 127 S. Ct. 42 (2006).

Under the RICO, a person who is injured by reason of a criminal RICO violation may bring a civil action against the RICO violator. 18 U.S.C. § 1964; McCaleb v. A.O. Smith Corp., 200 F.3d 747, 751 (11th Cir. 2000). It is well-settled that the alleged injury must arise from an unlawful act specified in 18 U.S.C. § 1961(1). Beck v. Prupis, 529 U.S. 494, 504-06 (2000); Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311-12 (11th Cir. 2000) (defining racketeering activity as those acts listed in §1961(1)). Because Smith failed to allege any facts so much as suggesting that any defendant committed one of the criminal violations listed in § 1961(1), the district court properly concluded that her RICO claims were frivolous.

We are unpersuaded by Smith's remaining claims.  Accordingly, we affirm the district court's dismissal of her in forma pauperis ("IFP") action as frivolous, under 28 U.S.C. § 1915(e)(2), and denial of her motion to recuse.

**AFFIRMED.**