[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2008
THOMAS K. KAHN
CLERK

————————————————

No. 07-15550
Non-Argument Calendar

————————————————

D. C. Docket No. 07-00333-CV-CAR-5

DERRICK JACKSON,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,

Defendant,

GREGORY L. BUSHWAY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia

————————————————

**(April 9, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Derrick Jackson appeals the district court's *sua sponte* dismissal of his amended complaint seeking an injunction to halt state court criminal proceedings. On appeal, Jackson argues that the district court erred because there is precedent establishing that, when necessary for the protection of constitutional rights, the federal courts have the power to issue injunctions enjoining state prosecutions. Jackson argues that the *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), abstention doctrine does not apply because there are no legitimate state activities at issue.

We review *de novo* a *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001), and review dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915A for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In addressing whether abstention is appropriate in a given case, we review the district court's decision to abstain for abuse of discretion. *Boyes v. Shell Oil Prod. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000).

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous,

2

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

A claim is frivolous when, on the face of the complaint, the factual allegations are "clearly baseless," or the legal allegations are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382 (1989).

Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions. *Younger*, 401 U.S. at 41, 91 S.Ct. at 749; *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1216 (11th Cir. 2002).

Jackson's state criminal prosecution was pending at the time he filed his federal complaint. Thus, if the district court granted relief to Jackson, it would be restraining a pending state criminal prosecution. Accordingly, the district court did not err when it found that Jackson's complaint failed to state a claim upon

which relief could be granted. Since the standard of review for failure to state a claim is more stringent than that of dismissal for frivolity, the district court likewise did not err, if it dismissed the complaint for frivolity. Furthermore, because the criminal proceedings were ongoing at the time of the complaint, the application of the abstention doctrine by the district court was not an abuse of discretion.

For the aforementioned reasons, we affirm the judgment of dismissal.

**AFFIRMED.**