[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12342
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00198-CV-J-32-HTS

JERRY NEIL ALFRED,

Plaintiff-Appellant,

versus

RANDY BRYANT,
DONNIE JACKSON,
R.C. JOHNS,
D.H. JOHNSON,
S. TUCKER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 12, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Jerry Neil Alfred ("Alfred"), a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging Eighth Amendment violations based on his living in a prison cell for eighteen days without a mattress and a properly functioning toilet. The Appellees are: (1) Randy Bryant, Warden of the Florida State Prison ("FSP"); (2) Donnie Jackson, FSP Assistant Warden; (3) R.C. Johns, FSP Correctional Officer ("Officer Johns"); (4) D. H. Johnson, FSP Nurse ("Nurse Johnson"); (5) S. Tucker, FSP Correctional Officer ("Officer Tucker"); (6) John Doe I, FSP Sergeant (substituted for K. Baird); and (7) John Doe II, FSP Correctional Officer (substituted for C. Buchanon). The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). After careful consideration of the record, we AFFIRM.

## I. BACKGROUND

Alfred alleged the following facts in his § 1983 complaint to support his Eighth Amendment claim of cruel and unusual punishment. On 17 August 2007, Alfred was transferred from administrative confinement to disciplinary confinement at FSP. The cell lacked a mattress but Officer Johns assured Alfred that a mattress would arrive later that day, which it did. Alfred noticed the mattress lacked a fire retardant cover, however, and was stained with chemicals on

2

both sides. Alfred notified Officer Tucker of the problem, and Officer Tucker instructed him to place the mattress outside his cell for a replacement. Later that evening, Alfred discovered his cell's toilet did not completely flush its contents due to insufficient water pressure. Alfred informed Officer Tucker that he needed a cell reassignment due to the lack of a mattress and a malfunctioning toilet. Officer Tucker advised him that another mattress was not available that night, so the morning shift would have to address any problems.

Alfred noted the deficiencies on his cell inspection sheet the next day. He also informed Officer John Doe II, who indicated that he would notify the housing supervisor.

On 19 August 2007, Alfred forwarded an informal grievance complaint to Assistant Warden Donnie Jackson, apprising him of the situation. Alfred did not receive a response until September 18, 2007, after Alfred had already been reassigned to another cell.

On 21 August 2007, Alfred filed the first of three sick-call requests, stating that he felt numb, sore, stiff, and tight from sleeping on a bare steel bed. He also complained of severe headaches and constipation. Nurse Johnson examined him and provided him with pain medications and laxatives.

On 27 August 2007, the toilet overflowed for the sixth or seventh time. As

3

before, Alfred cleaned the mess using his bare hands, a towel, and some soap. Sergeant John Doe I again told Alfred that the maintenance department would repair the toilet, although Alfred notes that a work order had already been filed prior to Alfred's placement there.

On 30 August 2007, Alfred by-passed the initial phase of the inmate grievance procedure by filing a formal grievance with Warden Randy Bryant. Two weeks later, and nine days after Alfred had been transferred to a new cell, the Warden notified Alfred that the prison had no record of a grievance about the matter and instructed him to submit an informal grievance.

Alfred stayed in the cell without a mattress and a properly functioning toilet for eighteen days. He was transferred to a new cell on 4 September 2007. He alleged in his complaint that the lack of a mattress deprived him of quality sleep and resulted in his fatigue, general stiffness and soreness, and lower back pain. Additionally, he stated he suffered from severe headaches, nausea, and constipation due to the malfunctioning toilet. His lower back pain was exacerbated when he slipped in a puddle on his cell floor and fell backwards against his bed. Besides these physical injuries, Alfred asserted that his fellow inmates and the prison staff caused him "grief, distress, anxiety, and even fright" by constantly ridiculing him about the stench from his toilet. R1-1 at 9(j). Alfred sought

4

compensatory and punitive damages totaling more than $1 million for his mental and physical pain and suffering.

The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) because it appeared that Alfred had "little or no chance of success" on his Eighth Amendment claim of cruel and unusual punishment. R1-26 at 3. While the court agreed that "the situation should have been remedied sooner," the court found that his "temporary, unsanitary and uncomfortable conditions" did not rise to the level of an Eighth Amendment violation. Id. at 5-6. Moreover, the court found that the Appellees' conduct amounted, at most, to negligence as it did not appear that they intended to inflict any pain. Finally, the court noted that Alfred had suffered no physical injury.

On appeal, Alfred contends that his claim was not frivolous because he was unconstitutionally exposed to a serious risk of harm from his unsanitary living conditions. He asserts that he suffered both mental and physical injuries, as described in his complaint. With respect to the Appellees' intent, Alfred submits that the Appellees' knowledge of his situation and their failure to remedy it constituted deliberate indifference.

## II. DISCUSSION

We review for an abuse of discretion the district court's dismissal of

Alfred's complaint under 28 U.S.C. § 1915(e)(2)(B)(i). Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). Pursuant to the Prison Litigation Reform Act, a district court must dismiss a claim, at any time, if the court determines the claim is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i) (2009). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (dismissal for frivolousness authorized when it appears the plaintiff stands "'little or no chance of success'"). While we construe pro se pleadings liberally, we need not accept as true "wildly implausible allegations in the complaint." Miller, 541 F.3d at 1100.

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under color of state law deprived him of a right secured by the Constitution. See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120, 112 S. Ct. 1061, 1066 (1992); 42 U.S.C. § 1983 (2003). As the parties do not dispute that the Appellees were acting under color of state law, the sole issue is whether the Appellees deprived Alfred of his Eighth Amendment right against cruel and unusual punishment.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970,

6

1976 (1994) (quotation marks and citation omitted).  At a minimum, the Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care.  Id.  An inmate's safety must also be protected through reasonable measures.  Id.  The prisoner bears the burden of proving that the challenged prison condition is "extreme" and "pose[s] an unreasonable risk of serious damage to the [prisoner's] future health or safety."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotation marks and citation omitted).  In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."  Id. (quotation marks and citation omitted) (emphasis in original).

Besides this objective component, the prisoner must satisfy a subjective prong by showing that the prison officials acted with deliberate indifference.  Id. This does not require that the prison official purposefully acted to cause harm, but it does involve something beyond mere negligence.  Id.  The prison official must know of and disregard an "excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837, 114 S. Ct. at 1979.  In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Id.  A prison condition

7

generally does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." Chandler, 379 F.3d at 1289 (quotation marks and citation omitted).

We have previously held that sleeping on a unsanitary eating table or on a dirty mattress on the floor did not violate an inmate's Eighth Amendment rights. See Hamm v. Dekalb County, 774 F.2d 1567, 1569, 1575-76 (11th Cir. 1985). The plaintiff in Hamm temporarily endured these sleeping arrangements an unspecified number of times during a ten-month period due to prison overcrowding. Id. at 1569. Even when considered in conjunction with the plaintiff's allegations of inadequate medical care and unsanitary food service, we concluded that the totality of the conditions was constitutional. Id. at 1575-76.

As in Hamm, Alfred's conditions of confinement did not rise to the level of an Eighth Amendment violation. "Inmates cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1998) (finding no Eighth Amendment violation when an inmate stayed 28 days in a filthy, roach-infested cell without toilet paper for five days or soap, a toothbrush and toothpaste for ten days). Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency. See Hamm, 774 F.2d at

8

1575-76. Similarly, having to use a toilet which lacks proper water pressure and occasionally overflows is unpleasant but not necessarily unconstitutional. See Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996) (rejecting Eighth Amendment claim based on an toilet that overflowed in the prisoner's cell for four days). Any unsanitary conditions caused by the toilet here were mitigated by the provision of cleaning supplies to Alfred. See Davis v. Scott, 157 F.3d 1003, 1004, 1006 (5th Cir. 1998) (finding no Eighth Amendment violation because the prisoner received supplies to clean blood and excretion from his cell where he stayed for three days). When viewed together, the lack of a mattress and a malfunctioning toilet were not "sufficiently serious to violate the Eighth Amendment." See Chandler, 379 F.3d at 1289.

Moreover, none of Alfred's purported physical and mental injuries (i.e., stiffness, lower back pain, headaches, vomiting, constipation, grief, anxiety, distress, and fear) indicate that the challenged prison conditions constituted "an unreasonable risk of serious damage" to his health or safety. See id. (quotation marks and citation omitted). The district court thus correctly determined that Alfred's Eighth Amendment claims stood "little or no chance of success."[1]

---

[1] Though we need not reach the subjective prong, we agree with the district court that no deliberate indifference has been shown. Given our conclusion that the lack of a mattress and a fully functioning toilet did not pose an unreasonable risk of serious harm to Alfred, the Appellees could not have drawn the requisite inference that "a substantial risk of serious harm"

9

Carroll, 984 F.2d at 393 (quotation marks and citation omitted).

## III. CONCLUSION

Based on the foregoing, we conclude that the district court did not abuse its discretion in dismissing Alfred's § 1983 complaint as frivolous because his prison conditions did not rise to the level of an Eighth Amendment violation. Accordingly, we AFFIRM the district court's dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**AFFIRMED.**

existed.  Farmer, 511 U.S. at 837, 114 S. Ct. at 1979.