[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10119
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cv-00001-RS-EMT

CHARLES L. STRINGER,

Plaintiff-Appellant,

versus

JOHN DOE, Father of Smoking Hot Body,
SHANE SCHILLER, Manager,
STACY PACY, Deputy Sheriff,
JEREMY FRENCH, Deputy Sheriff,
TIM BROWN, Sheriff,
JOHN DOE, Owner of Vortex Diving Center,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 15, 2013)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Charles Stringer, proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of his amended complaint for frivolity and failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii). Stringer's amended complaint alleged constitutional violations, brought under 42 U.S.C. § 1983, as well as a variety of state law claims.  The magistrate judge recommended dismissal of Stringer's complaint. The district court adopted the magistrate judge's recommendation and dismissed Stringer's case without prejudice.  On appeal, Stringer argues the magistrate judge (1) acted beyond her authority in dismissing his complaint and ruling on his motions, and (2) should have recused herself from his case.  Stringer also contends the district court (3) erred in dismissing his complaint for frivolity and failure to state a claim, and (4) abused its discretion in denying his Federal Rule of Civil Procedure 59(e) motion to amend or alter the judgment of dismissal.

## I.

Stringer argues the magistrate judge acted *ultra vires* in dismissing his complaint and in ruling on his motions.  However, the magistrate judge simply issued a recommendation that the district court dispose of the case, an action explicitly permitted by 28 U.S.C. § 636(b)(1)(B).  Because the magistrate judge

2

acted within the scope of her authority under, she was entitled to issue the recommendation without Stringer's consent.

## II.

Stringer next claims the magistrate judge should have recused herself from his case because she (1) is from a different district from where his original complaint was filed, (2) cited cases that were irrelevant and/or nonexistent, (3) harassed him by making him fill out an amended complaint on a form intended for prisoners, and (4) was biased against him.[1]

We review the denial of a motion for recusal for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). "To warrant recusal under [28 U.S.C.] § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Under 28 U.S.C. § 455(a), "the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo*, 223 F.3d at 1333. Judicial rulings

---

[1] Stringer also argues, for the first time on appeal, that the magistrate judge is under the control of organized crime and is conspiring with others to frame him for criminal perjury. We decline to address this argument. *See Baumann v. Savers Fed. Sav. & Loan Ass'n*, 934 F.2d 1506, 1510 (11th Cir. 1991).

3

standing alone rarely constitute a valid basis for a bias or partiality motion. *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004).

Under either § 144 or § 455, Stringer must allege facts from which a reasonable person could conclude the magistrate judge's impartiality could be questioned, or that show a particular ground for recusal actually exists. *See Christo*, 223 F.3d at 1333. Stringer has not included facts that meet either requirement. The record indicates the magistrate judge recommended dismissal of Stringer's complaint because she was fulfilling her statutory obligation to issue appropriate judicial rulings. *Draper*, 369 F.3d at 1279. Accordingly, the magistrate judge did not abuse her discretion by declining to recuse herself.

### III.

Stringer argues the facts asserted in his pleadings were sufficient to maintain his causes of action. We disagree.[2]

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and view the allegations in the

---

[2] Because Stringer's complaint fails to state a claim for relief against any defendant, it was not an abuse of discretion to dismiss his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (finding that a case is frivolous when it appears that the plaintiff has little to no chance of success).

4

complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings are construed liberally. *Hughes*, 350 F.3d at 1160.

For proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (involving Fed.R.Civ.P. 12(b)(6) dismissal). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration omitted).

Stringer is unable to state a § 1983 claim against any defendant. The Doe defendants and the dive shop manager are non-state actors who did not commit any acts under color of state law. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). Although it is unclear whether the off-duty deputy was acting under color of state law when he watched Stringer pack his belongings, the off-duty deputy did not deprive Stringer of any

5

federal rights. *See, e.g., Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Stringer also failed to state claims against the sheriff or deputy sheriff because Stringer did not have a substantive due process right to an internal investigation by the Sheriff's Department or law enforcement. *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim). Finally, Stringer's claim of failure to train or supervise against the sheriff fails because he was unable to state a constitutional claim against any non-supervisory state actor. Accordingly, the district court did not err in dismissing Stringer's claims pursuant to § 1915(e)(2)(B)(ii).[3]

## IV.

Finally, Stringer argues the district court erred in denying his motion to amend or alter the judgment of dismissal. Stringer's Rule 59(e) motion recites the same arguments that were previously raised and rejected. Because the rule may not be used "to relitigate old matters," the district court did not abuse its discretion

---

[3] Because the district court properly dismissed Stringer's federal claims, it did not abuse its discretion by declining to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

in denying Stringer's Rule 59(e) motion. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

**AFFIRMED.**