[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15551
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00357-RS-GRJ

JOSE MIGUEL HILARIO,

Plaintiff-Appellant,

versus

WARDEN FCI MARIANNA,
TERRENCE P. DONNELLY,
Assistant United States Attorney,
DAVID L. MARTIN,
Magistrate Judge for District of Rhode Island,
MARY M. LISI,
Chief District Judge for District of Rhode Island,
UNKNOWN,
Two Female FBI Federal Agents, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 28, 2014)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Miguel Hilario, a federal prisoner proceeding pro se, appeals the order dismissing his civil rights complaint against federal officials for violations of his constitutional rights. The district court dismissed his complaint for failure to state a claim upon which relief may be granted, on the ground that Hilario's claims necessarily implied the invalidity of his conviction and, because his conviction had not been invalidated, they were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Additionally, the court dismissed the complaint on frivolity grounds, concluding that several of the defendants -- the President and Vice President of the United States, the Speaker of the United States House of Representatives, and the district judge who presided over Hilario's sentencing -- were immune from suit. On appeal, Hilario argues that the district court erred in dismissing his complaint because: (1) Heck does not apply to Bivens[1] claims; and (2) the defendants were not immune from suit. After thorough review, we affirm.

We review de novo a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true, and review for abuse of discretion a dismissal as frivolous under § 1915(e)(2)(B)(i). Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

First, we find no merit to Hilario's argument that <u>Heck</u> does not apply to his claims. In <u>Heck</u>, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. If such a § 1983 action is brought before the challenged conviction or sentence is invalidated, it must be dismissed. <u>Id.</u> at 487. Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u>

The Supreme Court held in <u>Bivens</u> that injured plaintiffs can bring a cause of action for damages against federal officers based on violations of their constitutional rights. 403 U.S. at 389. We have held that a <u>Bivens</u> claim is analogous to a § 1983 claim against a state or local officer. <u>Smith ex rel. Smith v. Siegelman</u>, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003). Accordingly, we have held that <u>Heck</u> applies with equal force to claims brought pursuant to <u>Bivens</u>. <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995).

3

Here, Hilario's claims -- which essentially allege that the defendants violated his constitutional rights by unlawfully exercising jurisdiction over him and prosecuting him -- necessarily implied the invalidity of his underlying conviction in the District of Rhode Island. Absent the invalidation of his conviction, which had not occurred, Hilario's claims were barred. Heck, 512 U.S. at 487. Furthermore, Heck applied with equal force to his complaint against federal officers as it would to a complaint against state officers. See Abella, 63 F.3d at 1065. Accordingly, the district court did not err when it dismissed the complaint for failure to state a claim on which relief can be granted.

Nor are we persuaded by Hilario's claim that the district court erred when it dismissed as frivolous the complaint against the President and Vice President of the United States, the Speaker of the House of Representatives, and the district judge who presided over Hilario's sentencing. A lawsuit is frivolous if it is without arguable merit either in law or fact. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (a case is frivolous when it appears that the plaintiff has little or no chance of success). A judge receives judicial immunity, which is an absolute immunity from money damages, if the judge dealt with the plaintiff in a judicial capacity, unless the judge acted in the clear absence of all jurisdiction. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). The Supreme Court has also recognized the defense of absolute

immunity for officials whose special functions or constitutional status requires complete protection from suit. Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Included in the list of officials who receive such immunity are "legislators, in their legislative functions" and the President of the United States. Id.

As the record makes clear, Hilario does not bring specific claims against the President, the Vice President or the Speaker of the House defendants in their individual capacities. Rather, he complains of them generally. As a result, these defendants are immune from Hilario's claims. Likewise, there are no specific allegations against the district judge for actions outside of Hilario's sentencing proceedings. These actions were within her judicial capacity and afford her immunity. Sibley, 437 F.3d at 1070; Harris, 780 F.2d at 914. Because Hilario would have little or no chance of success on any claim against the immune defendants, these claims are frivolous. Carroll, 984 F.2d at 393. Accordingly, the district court did not abuse its discretion when it dismissed these claims on frivolity grounds.

**AFFIRMED.**