[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11431
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00698-MMH-MCR


JEFF E. WILSON,

                                                          Plaintiff-Appellant,


versus


PAGE A. SMITH, medical executive director,
P. IZRA, medical doctor,
W. BELIZAIRE, medical doctor, et al,

                                                          Defendants-Appellees.



_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 22, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeff Wilson, a state prisoner proceeding *pro se*, appeals the district court's dismissal of claims and grant of summary judgment in favor of defendants in his action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.  On appeal, he first argues that the district court erred in dismissing his Eighth Amendment claims against Dr. Page A. Smith, Dr. W. Belizaire, and Correctional Officer Howell based on its conclusion that Wilson had not established that they were deliberately indifferent to his alleged serious medical needs.  Second, Wilson argues that the district court erred in granting summary judgment in favor of Dr. P. Izra and Dr. Dean C. Lohse on Wilson's Eighth Amendment claims based again on its conclusion that he had failed to establish deliberate indifference.  Finally, Wilson argues that the district court erred in dismissing his ADA claim based on its conclusion that he had not established a discriminatory motive in the provision of medical services based on his alleged disability.

Upon a thorough review of the record, and after consideration of the parties' briefs, we affirm.

I.

2

We review *de novo* the district court's grant of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). We review a frivolity dismissal for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous if it is without arguable merit either in law or fact. *Id.*; *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (holding that a case is frivolous for § 1915(d) (now § 1915(e)(2)(B)(i)) when it appears the plaintiff has little or no chance of success). *Pro se* pleadings will be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

A complaint stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not entitled to a presumption of truth, and legal conclusions must be supported by factual allegations. *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

A claimant is entitled to redress under § 1983 if he can prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. The Eighth Amendment forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

4

recognize the necessity for a doctor's attention." *Id.* at 1307 (quotation omitted).

"[T]he medical need must be one that, if left unattended, poses a substantial risk of

serious harm." *Id.* (citation omitted).

To establish deliberate indifference, the plaintiff must prove "(1) subjective

knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that

is more than [gross] negligence." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152,

1158 (11th Cir. 2010) (alteration in original). In other words, a plaintiff must

demonstrate that the defendant was "aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists" and drew the inference.

*Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation omitted).

Deliberately indifferent conduct could include grossly inadequate care or a delay in

treatment. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Failure to

treat adequately an inmate's pain could also reflect deliberate indifference. *See id.*

at 1257-58 (determining that a jury could find that only providing Tylenol to treat

an inmate's severe pain "was so cursory as to amount to no care at all"). However,

"a simple difference in medical opinion between the prison's medical staff and the

inmate as to the latter's diagnosis or course of treatment" does not support a claim

of deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.

1991). Moreover, matters of medical judgment do not constitute deliberate

indifference. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292-93.

5

Here, Wilson failed to establish that Dr. Smith, Dr. Belizaire, or Officer Howell were deliberately indifferent to his medical needs.  Officer Howell was not a medical doctor and did not have subjective knowledge of any alleged risk of harm to Wilson.  Dr. Belizaire did treat Wilson's condition, and Wilson's disagreement with that course of treatment is not sufficient to establish deliberate indifference.  Finally, Dr. Smith responded to Wilson's grievances concerning his medical care by reviewing Wilson's medical record and determining that he was receiving appropriate treatment.

## II.

We review *de novo* a district court's grant of summary judgment, considering all the facts and reasonable inferences in the light most favorable to the non-moving party.  *Mann*, 588 F.3d at 1303.  A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "[G]enuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.  For factual issues to be considered genuine, they must have a real basis in the record." *Mann*, 588 F.3d at 1303 (quotation omitted).

6

Here, Wilson has failed to establish that Drs. Izra and Lohse were deliberately indifferent to his medical needs.  At most, Wilson disputes their medical opinions on the appropriate course of treatment for Wilson's condition, but matters of medical judgment do not constitute deliberate indifference.

### III.

Title II of the ADA, which prohibits public entities from discriminating against disabled individuals, applies to prisoners in state correctional facilities.  *See* 42 U.S.C. § 12132; *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210, 118 S.Ct. 1952, 1954-55, 141 L.Ed.2d 215 (1998).  The language of Title II generally tracks that of § 504 of the Rehabilitation Act ("RA").  *See* 29 U.S.C. § 794(a).  To state a claim under Title II, a plaintiff must prove

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).  In the context of the RA, we have held that "a plaintiff may demonstrate discriminatory intent through a showing of deliberate indifference."  *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345 (11th Cir. 2012).  In this context, deliberate indifference occurs "when the defendant knew that harm to a federally protected right was

7

substantially likely and . . . failed to act on that likelihood." *Id.* at 344 (emphasis removed) (ellipses in original).  It requires more than gross negligence. *Id.*

Wilson cannot prevail on his ADA claim.  Because he has failed to establish that any of the defendants acted with deliberate indifference, he cannot demonstrate the requisite discriminatory intent.

**AFFIRMED.**