[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11526

Non-Argument Calendar

_____

MICHAEL R. ATRAQCHI,
IRENE S. ATRAQCHI,

Plaintiffs-Appellants,

*versus*

UNITED STATES OF AMERICA,
BARACK OBAMA,
MICHELLE OBAMA,
SHIRLEY SVENSON,
MUMTAZ FARGO, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00956-MSS-JSS

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Pro se plaintiffs Michael and Irene Atraqchi appeal the sua sponte dismissal of their 18 U.S.C. § 2520 in forma pauperis complaint and motion for a temporary restraining order and preliminary injunction against the United States of America, Barack and Michelle Obama, Wells Fargo Bank, George W. Bush, Jimmy Carter, Bill and Hillary Clinton, First United Methodist Church, and hundreds of other defendants. The Atraqchis argue that the district court abused its discretion in dismissing their action as frivolous when, according to them, there is an arguable basis in both law and fact that defendants have formed a "Death Cult" for the purpose of "impos[ing] religious inquisition upon them."

District courts have discretion to dismiss frivolous in forma pauperis complaints at any stage of the proceedings. 28 U.S.C. § 1915(e)(2)(B)(i). An in forma pauperis complaint is "frivolous" when it appears that the plaintiff "has little or no chance of success." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that the plaintiff has little or no chance of

success where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 32–33 (1992). We review such determinations for abuse of discretion. *Id.* at 33.

In their complaint, the Atraqchis assert that the defendants have—

> illegally wiretapp[ed] their telephone and [conducted] electronic surveillances of their Hotels room in the State of Florida, Tampa area, on the train, buses, restaurants, stores, on the streets, hospitals and doctors' offices, and elsewhere and even from the White House, for the purpose of isolating and criminating the Plaintiffs and impose religious inquisition upon them, homosexualize, rape, blackmail, and procure them into a field of interception of illegal wire communications where they will be forced to commit crime against humanity, . . . and convert them to Baptist and/or Methodist sect of Christianity from being Muslims, other religions and Christian denominations in violation of the law and U.S. Constitution.

On appeal, they assert that "an individual by the name of Dylann Roof prevented [the Atraqchis' murder by the death cult] and saved the Atraqchis lives by executing the nine co-conspirators at the basement of the Emanuel AME Church in Charleston, SC." They also accuse the defendants of "[r]aping [their] daughters and prostituting them and forcing them to blame their [p]arents for the crime."

Here, the district court did not abuse its discretion in dismissing the *in forma pauperis* actions as "frivolous" under § 1915(e)(2)(B)(i). The Atraqchis' allegations were clearly baseless, fanciful, fantastic, delusional, or lacking any arguable basis in either law or fact. *See Denton*, 504 U.S. at 31–33. The Atraqchis therefore had little or no chance of success. As such, it was within the district court's discretion to dismiss the complaint and to deny the motion for a temporary restraining order and preliminary injunction *sua sponte*. Accordingly, we affirm.

**AFFIRMED.**