[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12873

Non-Argument Calendar

_____

ROBERT L. REHBERGER,

Plaintiff-Appellant,

*versus*

HENRY COUNTY, GEORGIA,
STATE OF GEORGIA,
STATE BAR OF GEORGIA,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-mi-00030-JPB

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Robert Rehberger, proceeding *pro se,* appeals the district court's order (1) *sua sponte* dismissing his petition as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and (2) advising him that he remained subject to an earlier order that required court preapproval of any future filings.  On appeal, Rehberger reiterates at length his contentions from his "Amended Petition" regarding the underlying state court criminal judgment against him being void, the fact that various courts have failed to exercise their proper jurisdiction, and the fact that he has never been able to properly present evidence.  He also asserts, in passing, that restrictions on filing or heightened pleading requirements are normally disfavored, should be strictly construed, and cannot be used to deny fundamental rights such as adequate, effective, meaningful access to the courts.  He further contends that frivolity reviews under § 1915 apply only to incarcerated people or prisoners.

We review a district court's dismissal of a claim as frivolous under § 1915(e)(2)(B)(i) for abuse of discretion.  *Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001).  When a district court reviews a complaint for frivolity under § 1915(e)(2)(B)(i), it not only has

"the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (discussing § 1915(d), now recodified at § 1915(e)).

Section 1915 authorizes federal courts to allow civil and criminal litigation to proceed without prepayment of fees. 28 U.S.C. § 1915; *Neitzke*, 490 U.S. at 324. Both prisoners and non-prisoners may file for *in forma pauperis* status pursuant to § 1915 and can have their complaints screened for dismissal under § 1915(e). 28 U.S.C. § 1915(a), (e); *see also Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

The federal IFP statute is intended to provide indigent litigants with "meaningful access to the federal courts." *Neitzke*, 490 U.S. at 324. But "meaningful access" does not mean unlimited access, and federal courts are required to dismiss complaints filed IFP if the plaintiff's poverty allegations are untrue, or if the plaintiff's complaint is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal courts may *sua sponte* dismiss on these grounds prior to issuance of process. *See id.* (stating that the case should be dismissed "at any time"); *Neitzke*, 490 U.S. at 324.

A district court will consider a claim to be frivolous "if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In other words, the complaint will be properly dismissed as

frivolous if it "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Rehberger has abandoned any challenge to the dismissal of his petition because, even liberally construed, his appellate brief makes at most passing references to § 1915. An appellant abandons a claim where he presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority that the appellant relies on, "constitutes abandonment of that issue." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)). Simply stating, as Rehberger does, that § 1915 does not apply to him—without any further reasoning or argument—is insufficient. Regardless, the district court's earlier order requiring preapproval of filings is valid. "Considerable discretion necessarily is reposed in the district court" when it drafts such orders. *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (per curiam). One of the only restrictions that we have placed on pre-filing injunctions is that litigants cannot be "completely foreclosed from *any* access to the courts." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1385–87 (11th Cir. 1993).

The district court's pre-filing instructions here left Rehberger with sufficient access to the courts. In *Cofield v. Alabama Public Services Commission*, we considered a similar order requiring an "overly litigious" prisoner, who had brought 105 suits against various prison officials and companies, to pay full filing fees and

22-12873            Opinion of the Court                    5

seek pre-filing approval of any complaints or papers.  936 F.2d 512, 513–14 (11th Cir. 1991).  We determined that the pre-filing screening of claims left sufficient access to the courts, as arguable claims could still move forward, and the procedure was not an excessive response to Cofield's clear abuse of the system, as he still had some access to the courts.  *Id.* at 518.  The same is true here.  Because Rehberger still had access to the courts, the district court's order was not an excessive response to his vexatious litigation.

**AFFIRMED.**