**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-10506

Non-Argument Calendar

_____

RORY MCDANIEL,

*Plaintiff-Appellant,*

*versus*

THE UNITED STATES,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:26-cv-00073-SEG

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Rory McDaniel, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals the district court's *sua sponte* dismissal of his

amended complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). After review, we affirm.

Under 28 U.S.C. § 1915(e)(2)(B)(i), the district court must dismiss a case in which the plaintiff is proceeding IFP if the case "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In conducting frivolity review, the district court can "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (explaining that in conducting frivolity review, "wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations"). Factually frivolous allegations are those that "rise to the level of the irrational or the wholly incredible," but not those that are merely unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In his amended complaint, McDaniel sought $500 million in damages from the United States government under the Fourteenth Amendment. He alleged, "The United States has violated my civil rights by failing to ensure protections and espousing the counterfeiting of my identity by recognizing Jewish people as the real jews of the Bible." He contended that "black people are the jews of the Bible," and the United States government "discriminated [against] him based on his race as a black person and a jew by keeping hidden

his identity as a jew while recognizing Jewish people as jews" despite knowing "the true identity of black people for at least over 10 years." McDaniel alleged "three constitutional crimes: Treason, Piracy, and Counterfeiting." In support of his claim, McDaniel only cited (1) the U.S. Constitution; (2) the Bible; (3) President Harry Truman's recognition of Israel as a state on May 14, 1948; (4) *United States v. Bhagat Singh Thind*, 261 U.S. 204 (1923), a Supreme Court case interpreting an immigration statute; and (5) a YouTube video titled, "How Governments Watch the Web."

The district court did not abuse its discretion in *sua sponte* dismissing McDaniel's amended complaint as frivolous under § 1915(e)(2)(B)(i). *See Bilal*, 251 F.3d at 1349 (stating that a dismissal under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion because "[a] determination of frivolity is best left to the district court"); *see also Denton*, 504 U.S. at 33 ("District courts, who are all too familiar with factually frivolous claims, are in the best position to determine which cases fall into this category." (citation modified)).

McDaniel's amended complaint is "irrational," "delusional," "clearly baseless," and "without arguable merit either in law or fact." *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327-28; *Bilal*, 251 F.3d at 1349. In other words, even when we liberally construe the *pro se* amended complaint as we must, *see Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014), McDaniel "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quotation marks omitted). Therefore, the district court did not make a clear error of judgment in dismissing McDaniel's

amended complaint as frivolous and thus did not abuse its discretion. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard.").

Additionally, the district court did not abuse its discretion by dismissing McDaniel's amended complaint without leave to amend. *See Denton*, 504 U.S. at 34 (explaining that a district court's decision not to provide leave to amend after *sua sponte* dismissing a complaint as frivolous is reviewed for abuse of discretion). A *pro se* plaintiff must be given the opportunity to amend his complaint before the district court dismisses his action with prejudice unless further amendment would be futile. *See Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132-33 (11th Cir. 2019). Given that McDaniel's amended complaint is irredeemably frivolous both legally and factually, the district court did not commit a clear error of judgment in concluding that any amendment to McDaniel's complaint would be futile.

**AFFIRMED.**[1]

---

[1] McDaniel's "Motion for a ruling based on the appellant's brief alone" is DENIED AS MOOT.