[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15755
Non-Argument Calendar

_____

D. C. Docket No. 06-01541-CV-WSD-1

BRUCE SIMMONS,

Plaintiff-Appellant,

versus

JAMES EDMONDSON, C.J.
GERALD BARD TJOFLAT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 16, 2007)

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

*Pro se* federal prisoner Bruce Simmons appeals the *sua sponte* dismissal of his civil rights complaint alleging violations of his constitutional rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S. Ct. 1999, 2004-05 (1971), and seeking injunctive and declaratory relief. The district court *sua sponte* dismissed Simmons' complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), because the defendants, all federal judges, were protected by absolute immunity. Simmons asserts this was error and the defendants are not protected by absolute immunity because he has no adequate remedy at law. Rather, he asserts this suit is his only adequate remedy. Finally, he contends the district court erred by dismissing his complaint with prejudice without giving him the opportunity to amend it. We affirm the district court. We review *de novo* a *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1). *Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). According to 28 U.S.C. § 1915A(a), "[t]he [district] court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, the district court is to identify cognizable claims or dismiss the complaint or portions thereof that are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

2

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In the context of 28 U.S.C. § 1915(e)(2)(B)(i), we have held "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). A complaint also fails to state a claim "when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Id.*

Federal judges are immune to injunctive and declaratory relief. *Bolin v . Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). The question in this case is the same as that considered in *Bolin*, and the answer is dictated by that case. Because federal judges are immune to injunctive and declaratory relief, and because the

defendants in this case are all federal judges, the district court did not err in dismissing the complaint for failure to state a claim.[1]

Further, Simmons' allegations hinge on the idea we violated our own precedent by ruling on issues he raised in a supplemental brief. However, he asked us for permission to file such a brief, and we specifically granted his request. On this basis, his complaint is frivolous in two additional ways. First, he invited any error which he now claims resulted from the manner in which his appeal was handled. *See United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003) (under the invited-error doctrine, where a party stipulates to the admission of evidence, he is precluded from objecting to the same evidence on appeal). Second, his argument presumes we are in all cases bound to apply our own rule barring issues raised for the first time in a supplemental brief, which we are not. *See e.g. McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1495 (11th Cir. 1990) (addressing arguments raised in a supplemental brief under this Court's "practice of reading briefs liberally to ascertain the issues on appeal").

Finally, contrary to Simmons' argument, the district court did not err by failing to give him the opportunity to amend his complaint prior to dismissing it

---

[1] This is not precisely the ground on which the district court based its ruling, but we may affirm on any adequate ground. *Parks v. City of Warner Robins*, 43 F.3d 609, 613 (11th Cir. 1995).

with prejudice as no amendment could have overcome the defendants' immunity and would have been futile. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Accordingly, we affirm the dismissal of Simmons' complaint.

**AFFIRMED.**