[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10425
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22401-WJZ


BRUCE SIMMONS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2014)

Before WILSON, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Bruce Simmons, a federal prisoner proceeding pro se, appeals the dismissal

of his common-law, habeas corpus petition, construed as a 28 U.S.C. § 2241

petition, and the subsequent denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.  We affirm in part and vacate and remand in part.

## I. BACKGROUND

In March 2001, Simmons filed a pro se 28 U.S.C. § 2255 habeas petition challenging his federal conviction and sentence.  District Judge William Zloch denied Simmon's petition, because most of his claims were procedurally barred, and his remaining claims lacked merit.  Simmons filed several post-judgment motions.  In July 2006, while at least one such motion was pending, Simmons moved for Judge Zloch to recuse, because of a conflict of interest, since he had named the judge as a defendant in a civil rights complaint in the Northern District of Georgia.  In August 2006, Judge Zloch recused himself from the case.  Simmons's civil rights complaint was dismissed on July 25, 2006, for failure to state a claim.  We affirmed the civil rights judgment in May 2007.  *Simmons v. Edmondson*, 225 F. App'x 787 (11th Cir. 2007) (per curiam).  The Supreme Court denied certiorari in October 2007.  *Simmons v. Edmondson*, 552 U.S. 858, 128 S. Ct. 139 (2007) (mem.).

In addition to his March 2001 § 2255 petition, Simmons filed numerous subsequent § 2255 petitions, a prior § 2241 habeas petition, and various other

2

motions that were successive § 2255 petitions.  All of those filings have been dismissed as unauthorized second or successive § 2255 motions.

In July 2013, Simmons filed the motion at issue in this appeal, a pro se common-law petition for writ of habeas corpus, which the district judge construed as a § 2241 petition.  In his petition, Simmons asserted he was actually innocent of his crimes of conviction, two counts of distributing less than 400 grams of powder cocaine.  He also raised a claim of ineffective assistance of counsel.  He acknowledged he previously had filed a § 2255 motion to vacate, which the district judge had dismissed, because his claims were procedurally barred.  He argued, however, the Supreme Court's recent decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), allowed him to bring his actual innocence claims in this petition. Simmons also filed a motion for Judge Zloch, to take judicial notice that he previously had recused himself in a related case filed by Simmons.  Because of his previous recusal, Simmons asserted Judge Zloch should recuse himself in this case.

A magistrate judge entered a report and recommendation ("R&R") recommending the dismissal of the petition.  The magistrate judge found Simmons's pleading constituted an unauthorized successive § 2255 motion to vacate.  The magistrate judge also found Simmons's reliance on *McQuiggin* was unavailing, because that case did not circumvent the bar against filing successive § 2255 motions.  Simmons objected to the R&R and argued the magistrate judge

3

(1) should have applied *McQuiggin* to the facts of his case, (2) had failed to consider the "fundamental miscarriage of justice exception," and (3) had failed to recognize he was relying on newly discovered evidence to support his actual innocence claim. ROA at 69 (quoting *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 864 (1995)).

In August 2013, Judge Zloch adopted the R&R and dismissed Simmons's petition, because it was an unauthorized successive § 2255 motion. Judge Zloch also denied all pending motions as moot. Thereafter, Simmons filed a Rule 59(e) motion to alter or amend the judgment. He argued Judge Zloch previously had recused himself from the case, and he could not "un-recuse" and dismiss Simmons's case. ROA at 78. Simmons further argued the judge had failed to consider his timely objections to the R&R.

On January 24, 2014, Judge Zloch denied the Rule 59(e) motion and overruled Simmons's objections to the R&R. Judge Zloch noted Simmons had filed at least eleven different motions and three notices of appeal in an attempt to attack his underlying convictions. Judge Zloch also directed the clerk "not to accept *any* further filings from [Simmons], absent authorization from the United States Eleventh Circuit Court of Appeals." ROA at 92 (emphasis added).

Simmons raises three arguments on appeal. First, he contends the district judge erred by finding his habeas petition was a second or successive § 2255

4

petition. Second, he argues the judge should have recused himself from the case based upon the judge's prior recusal in the related case. Finally, he argues the judge's order directing the clerk not to accept any further filings from him, absent our authorization, impermissibly restricts his right of access to the courts.

## II. DISCUSSION

A. <u>Second or Successive § 2255 Petition</u>

We review questions concerning jurisdiction de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). We review de novo whether a federal prisoner may bring a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255(e). *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013), *petition for cert. filed*, No. 13-1221 (U.S. Apr. 8, 2014). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Generally, a prisoner collaterally attacks the validity of his federal sentence by filing a § 2255 motion in the district of conviction. 28 U.S.C. § 2255; *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). The "savings clause" of § 2255, however, permits a federal prisoner, under very limited circumstances, to file a habeas petition under § 2241. *Sawyer*, 326 F.3d at 1365. Under the savings clause, a court may entertain a § 2241 petition if the petitioner establishes the

5

remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The savings clause is a jurisdictional provision, such that a petitioner must show § 2255 is "inadequate or ineffective," before the district judge has jurisdiction to review the § 2241 petition.  *Williams*, 713 F.3d at 1338-40.  The petitioner bears the burden of presenting evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013).

When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive our permission before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255(h).  This restriction on successive § 2255 motions, standing alone, does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause.  *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc) ("*Gilbert II*").  Consequently, a prisoner who has filed and been denied a § 2255 motion may not circumvent the restriction on successive § 2255 motions simply by filing a petition under § 2241.  *Id.*

The district judge did not err in dismissing Simmons's habeas corpus petition, construed as a § 2241 petition, because Simmons filed the petition in an attempt to circumvent the restriction on successive § 2255 motions.  *See* 28 U.S.C. § 2255(h); *Gilbert II*, 640 F.3d at 1308.  In his petition, Simmons challenges the validity of his sentences and argues he is actually innocent of the crimes of

6

conviction. Such arguments should have been brought in a § 2255 motion. 28 U.S.C. § 2255; *Sawyer*, 326 F.3d at 1365. Because Simmons has filed numerous prior § 2255 motions and has not obtained authorization to file a successive § 2255 motion, the district judge correctly dismissed this habeas petition. Moreover, Simmons has not met his burden of presenting evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy, such that he is entitled to file a habeas petition under § 2241. *Turner*, 709 F.3d at 1333.

B. <u>Recusal</u>

We review a district judge's decision not to recuse for abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). A district judge should recuse himself if his impartiality might reasonably be questioned. *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523 (11th Cir. 1988). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* at 1524. A judge's refusal to recuse may be harmless error. *Id.* at 1525-26. Factors to consider are (1) the risk of injustice to the parties in the particular case; (2) the risk that the denial of relief will produce injustice in other cases; and (3) the risk of undermining the public's confidence in the judicial process. *Id.* at 1526.

Judge Zloch did not abuse his discretion in declining to recuse.  The civil rights complaint in which Simmons had named the judge as a defendant had been dismissed in July 2006, well before Simmons filed this habeas petition in July 2013.  No objective, disinterested lay observer, fully informed of the reason for Simmons's request for the recusal, would doubt the judge's impartiality.  *Parker*, 855 F.2d at 1524.  Moreover, even assuming arguendo the district judge should have recused, his decision not to recuse was harmless error.  *See Parker*, 855 F.2d at 1525-26.  Having determined the district court lacked jurisdiction to review Simmons's habeas corpus petition, it would make little sense to remand the case and reassign it to another judge to enter the dismissal order.

C. Restricted Filer

Injunctive restrictions on filings by abusive litigants are "necessary and prudent" in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions.  *Procup v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986) (en banc) (per curiam).  Therefore, district judges have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave, though the conditions must not have the effect of completely foreclosing access to the courts.  *Id.* at 1074.  Re-imposing filing fees on indigent litigants is one available restriction, although any injunction prohibiting IFP filings must be carefully tailored to minimize the

8

exclusion of legitimate claims. *Miller v. Donald*, 541 F.3d 1091, 1096-97 (11th Cir. 2008) (discussing such restrictions in the non-habeas context).

The district judge's order directing the clerk not to not to accept *any* further filings from Simmons, absent our authorization, is too broad. *Procup*, 792 F.2d at 1074. The order requires Simmons to seek our permission to file any new pleadings in district court, even if Simmons is not statutorily required to seek our permission to invoke the district court's subject matter jurisdiction. Though the clerk likely understood the order to include only those pleadings brought under § 2255 and § 2241, we nevertheless remand with instructions for the district judge to limit the restriction on future filings to habeas petitions challenging Simmons's federal sentences for his underlying drug convictions.

**AFFIRMED IN PART, VACATED, AND REMANDED IN PART.**