[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15704
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01261-MHC

DAVID ANDREW NEZBEDA,
HEIDI CHRISTINE NEZBEDA,

Plaintiffs-Appellants,

versus

LIBERTY MUTUAL INSURANCE CORPORATION,
(LIC),
GILLIAN O'NAN,
MARK EDWARD MCRORIE,
ROBERT DALE LEONARD, II,
MELISSA BRICKEY, et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 15, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

David and Heidi Nezbeda, proceeding pro se, appeal the sua sponte dismissal of their complaint after the district court concluded that it was a shotgun pleading and that their federal claims were frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  On appeal, the Nezbedas argue that the district court erred in dismissing their complaint as a shotgun pleading without first allowing them to amend.  Because the Nezbedas do not challenge the district court's conclusion that their federal claims were frivolous under § 1915(e), we affirm.

**I**

The allegations surrounding the Nezbedas' claims are long and convoluted. The district court's order discussed them at length, so we will not recount them fully here.  The district court summarized the complaint as follows:

> [The Nezbedas], appearing pro se, have filed a twenty-nine page Complaint against twenty-eight named defendants. The Complaint contains 179 individually numbered paragraphs and incorporates by reference a forty-four-page affidavit of fact [by Mr. Nezbeda which] contain[s] an additional 190 individually numbered paragraphs. The allegations in the Complaint are disjointed, voluminous, and difficult to follow.

D.E. 11 at 4 (internal citations omitted).  The claims emerge from Mr. Nezbeda's divorce and child-custody proceedings against his ex-wife and devolve into a conspiracy against him by several actors within the court system in Cobb County,

2

Georgia.   According to Mr. Nezbeda, these crooked proceedings resulted in his unconstitutional incarceration and a Georgia superior court judge extorting him.  To complicate matters, Mr. Nezbeda asserts that this conspiracy intersects with his home insurer's denial of his insurance claim.   Throughout the more than 300 paragraphs in the complaint and its accompanying affidavit, one common thread emerges: everyone from his ex-wife to his home insurer is allegedly conspiring against Mr. Nezbeda.

In December of 2016, a federal magistrate court judge permitted the Nezbedas to proceed *in forma pauperis* and referred their complaint to the district court to determine if it was frivolous under 28 U.S.C. § 1915(e).  The district court sua sponte dismissed the complaint—without allowing them to amend—on two grounds.  First, the district court outlined this circuit's policy and rules against shotgun pleadings and concluded that the Nezbedas' complaint was a shotgun pleading.  It reasoned that the complaint was "'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action' and, ultimately, fail[ed] 'to give the defendants notice of the claims against them and the grounds upon which each claim rests.'"   D.E. 11 at 17 (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322, 1323 (11th Cir. 2015)).   Second, the district court concluded that "[e]ven if the [c]omplaint were not subject to dismissal as a shotgun pleading," its claims were frivolous because the complaint failed state a claim under

3

federal law and, thus, did not establish subject matter jurisdiction.  D.E. 11 at 18, 20, 30.

On appeal, the Nezbedas assert that the district court erred by dismissing their complaint without first permitting them to amend.  They specifically argue that "a district court must sua sponte give [the plaintiffs at least] one chance to replead before dismissing [their] case with prejudice on non-merits shotgun pleading grounds."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (discussing our rule when a litigant who is represented by counsel files a shotgun pleading).  The argument section of the Nezbedas' brief, however, includes only four sentences and does not address the district court's frivolity conclusion or how "a more carefully drafted complaint might state a claim" in this case.  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Liberty Mutual Insurance Corp., one of the appellees, responded, arguing that the Nezbedas' federal claims failed as a matter of law.[1]  The Nezbedas did not file a reply brief.

## II

*In forma pauperis* proceedings are governed by 28 U.S.C. § 1915.  Subsection (e)(2) of that statute provides that "the court shall dismiss the case at any time if the

---

[1] Liberty Mutual is the only defendant that filed a brief in this appeal because, according to Liberty Mutual, the Nezbedas failed to serve any other defendants.

court determines that . . . (B) the action or appeal—(i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted . . . ." § 1915(e)(2). A district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed de novo, viewing the allegations in the complaint as true. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i), however, is reviewed for an abuse of discretion. *See Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001). "A claim is frivolous if it is without arguable merit either in law or fact." *Id.* at 1349. *See Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (stating that a claim is frivolous "when it appears the plaintiff has little or no chance of success") (internal quotations omitted).[2]

We liberally construe pro se pleadings, holding them to a less stringent standard than pleadings that are drafted by attorneys. *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty.*

---

[2] The district court concluded both that the Nezbedas' complaint "failed to state a claim upon which relief can be granted" and that it "[was] frivolous under 28 U.S.C. §1915(e)(2)(B)(ii)." D.E. 11 at 30. The Nezbedas' notice of appeal, however, specifically cites the district court's dismissal of this claims "as [f]rivolous," D.E. 13 at 1, and their brief references the abuse of discretion standard.

*of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted). A pro se complaint must still comply with the Federal Rules of Civil Procedure and provide some factual support to plausibly state its claims. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Despite the liberal pleading standard, if a pro se litigant fails to properly raise an issue on appeal, he or she abandons that issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). *See also Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). To raise an issue, an appellant must do more than "simply stat[e] that an issue exists, without further argument or discussion." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (per curiam). He or she must support the claims with arguments and authority. *See Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 681 (11th Cir. 2014).

## III

The district court in this case cited two alternative reasons to dismiss the Nezbedas' complaint. The first was that the complaint amounted to a shotgun pleading, and the second was that the Nezbedas' federal claims were frivolous. Therefore, to meet their burden on appeal, the Nezbedas must establish that neither reason justified dismissal. *See Sapuppo*, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based

6

its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

We agree that a district court generally must permit a pro se plaintiff to amend his or her complaint at least once before sua sponte dismissing claims on shotgun pleading grounds. *See Vibe Micro, Inc.*, 878 F.3d at 1296; *Bank*, 928 F.2d at 1112.[3] And we would be inclined to reverse if the district court's only reason for dismissing the Nezbeda' complaint was that it was a shotgun pleading.  But that is not the case. The district court also concluded that the Nezbedas' claims were frivolous, which (in the district court's words) justified dismissal "[e]ven if the [c]omplaint were not subject to dismissal as a shotgun pleading."  D.E. 11 at 18, 30.

The district court may dismiss a plaintiff's claims sua sponte—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous.  *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing § 1915(e)(2)(B)(i)).  The Nezbedas present no arguments whatsoever to challenge the district court's conclusion that all of their federal claims are frivolous.  Any argument to that issue is therefore abandoned.  *See Sapuppo*, 739 F.3d at 680; *Timson*, 518 F.3d at 874.  We therefore cannot say that the district court abused its discretion in dismissing the Nezbedas' claims.  *See Bilal*, 251 F.3d at 1350.

---

[3] We note that the district court's order in this case referred to the Nezbedas' complaint as "Plaintiff[s'] Amended Complaint," but our review of the record reveals that the Nezbedas never moved to amend their complaint and the district court never ordered them to amend.

## III

For the foregoing reasons, we affirm the district court's sua sponte dismissal of the Nezbedas' complaint.

**AFFIRMED.**