[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 20-14719 & 21-10132
Non-Argument Calendar

_____

D.C. Docket No.  1:20-cv-03603-LMM


ZORRI N. RUSH,

Plaintiff-Appellant,

versus

CARMAX AUTO SUPERSTORES, INC.,
AMERICAN CREDIT ACCEPTANCE, LLC,
PROGRESSIVE INSURANCE UNDERWRITERS
BY MOUNTAIN LAUREL ASSURANCE CO.,
ALLIED SOLUTIONS TOWING,

Defendants-Appellees.


_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(August 5, 2021)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Zorri Rush, proceeding *pro se*, appeals the district court's dismissal of his 9 U.S.C. § 4 petition for frivolity and failure to state a claim under 28 U.S.C. § 1915(e) after finding that it lacked subject-matter jurisdiction over his case. He also appeals the district court's denial of his subsequent motion for a preliminary injunction and temporary restraining order ("TRO") on the basis that he could not show a likelihood of success on the merits following the dismissal of his case.

On appeal, he does not argue that the district court's dismissal for frivolity and failure to state a claim—finding that it lacked subject-matter jurisdiction over his case—or denial of his motion for injunctive relief for failure to show a likelihood of success was improper. Instead, he asserts unrelated claims of willful neglect by the district court judge in performing her judicial duties relating to the parties' arguments and pleadings, without further detail, and new and unrelated allegations under the Federal Claims Act concerning fraudulent and discriminatory banking practices.

## I.

We review dismissals for frivolity for abuse of discretion and for failure to state a claim *de novo*, pursuant to § 1915(e)(2)(B)(i)-(ii). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). We also review *de novo* a district court's

2

dismissal for lack of subject-matter jurisdiction. *Center v. Sec'y, Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018). The party asserting the claim bears the burden of establishing federal subject matter jurisdiction. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).

Although *pro se* pleadings are liberally construed, issues not raised before the district court are deemed waived. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). And issues not briefed by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Passing references to an issue do not suffice. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Both counseled and *pro se* litigants are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, the leniency given to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). District courts have original jurisdiction of all

3

civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim arises under federal law when the face of the complaint presents a federal question. *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). District courts also have subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For such jurisdiction to exist under § 1332(a)(1), there must be complete diversity of citizenship between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The party invoking diversity jurisdiction must allege the citizenships of the parties at the time suit is filed in federal court. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Notably, 9 U.S.C. § 4 does not itself supply a basis for federal jurisdiction. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1252 (11th Cir. 2011).

Further, a district court shall dismiss a case brought IFP at any time if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A claim is frivolous if it is without arguable merit either in law or fact. *Bilal*, 251 F.3d at 1349; *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (holding that a case is frivolous under the IFP statute when it appears that the plaintiff has little or no chance of success). Moreover, § 1915 "accords judges not only the authority to

4

dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quotation marks omitted).

A pleading fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although a complaint is not required to contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Id. at* 555 (quotation marks omitted). Naked assertions devoid of further factual enhancement also will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain enough facts to make a claim for relief plausible on its face; that is, the factual content must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, although *pro se* pleadings are liberally construed, they still must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

Here, because Rush presented no argument challenging the dismissal of his § 4 petition for frivolity and failure to state a claim or mentioning subject-matter

jurisdiction, this issue is abandoned on appeal. Additionally, even if the issue was not abandoned, the district court properly dismissed his petition because he only made vague and conclusory allegations with little or no chance of success, which was frivolous. Further, because he failed to allege facts sufficient to support a reasonable inference that the defendants were liable for any alleged misconduct and fell short of establishing a federal jurisdictional basis for any of his claims, he failed to state a claim.

## II.

We review a district court's denial of a motion for a temporary restraining order or preliminary injunction only for abuse of discretion. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1175 (11th Cir. 2019).

An issue is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009). A federal court cannot decide issues that have become moot, and deciding such issues is tantamount to issuing an advisory opinion that is beyond its Article III authority. *Id.* A decision that a complaint fails to state a claim for relief moots any issues regarding a stay or a preliminary injunction. *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 794 F.3d 1327, 1330 n.3 (11th Cir. 2015).

Here, because Rush failed to present an argument concerning the district court's denial of his motion for preliminary injunction and TRO for failure to show a likelihood of success on the merits, this issue is abandoned. Further, even if this issue was not abandoned, the district court did not abuse its discretion in denying the motion because the court properly dismissed Rush's case for failure to state a viable claim, and, therefore, the motion for preliminary injunction was moot, and due to be denied. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Rush's Motion of Objection to Clerical Consolidation is DENIED.